IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY MUNDINE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-17-1295 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Jeremy Mundine is an inmate in the Texas Department of Criminal Justice ("TDCJ"). In this suit under 42 U.S.C. § 1983, he alleges violations of his Eighth Amendment rights by several TDCJ officials and employees.

Mr. Mundine alleges that, in 2014, a TDCJ investigator asked him questions about a fight between another inmate and a TDCJ lieutenant. Mr. Mundine states that he believed the investigator was asking about a different inmate, and he gave some information. He contends that he later learned that the inmate the investigator was asking about was instead a leader of a prison gang. Mr. Mundine contends that his life is in danger as a result. He seeks injunctive relief requiring TDCJ to place him in protective custody or transfer him to another unit.

Mr. Mundine originally filed this case on February 23, 2015 in the Eastern District of Texas. His complaint indicates that he was then housed at the TDCJ's Michael Unit, in Anderson County, Texas. *See* Complaint (Docket No. 1) at 1. On October 25, 2016, Mr. Mundine filed an amended complaint. The amended complaint shows that he was transferred to the Ellis Unit in Walker

County, Texas. *See* Amended Complaint (Docket No. 17) at 1. Based in part on Mr. Mundine's location in Walker County, a magistrate judge ordered this case transferred to this court.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no claims that may proceed, the court must dismiss the complaint.

"To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison conditions cases that state of mind is one of deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(internal citations and quotation marks omitted). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 103, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Mr. Mundine's original complaint acknowledges that TDCJ, on its own initiative, either placed him in protective custody or conducted an investigation into whether he should be placed in protective custody (the complaint is unclear whether one or both of these occurred). *See* Complaint at 6. The amended complaint establishes that Mr. Mundine has been transferred from the Michael Unit, where he was housed with the alleged gang leader, to the Ellis Unit. It appears that TDCJ has already transferred Mr. Mundine and either placed him in protective custody or made a determination after investigating that he did not need to be in protective custody. Mr. Mundine's own pleadings establish that the defendants have not been deliberately indifferent to his safety.

To the extent that Mr. Mundine seeks an order directing TDCJ to transfer him to a particular unit, or to place him in a specific custody level, he fails to plead facts justifying this relief. "Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances." *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). The amended complaint, filed more than 20 months after the original complaint, does not contend that Mr. Mundine has been attacked or threatened with harm. The lack of harm or threat of harm over an extended period undermines the basis for the relief he seeks.

Mr. Mundine fails to plead a claim for deliberate indifference to his safety, or to justify the intervention into prison administration that he seeks. This case is **dismissed**. *See* 28 U.S.C. § 1915A. Final judgment is entered by separate order.

SIGNED this 10th day of May, 2017, at Houston, Texas.

---
Lee H. Rosenthal
Chief United States District Judge